Floyd W. Bybee, #012651
**FLOYD W. BYBEE, PLLC**
2473 S. Higley Road
Suite 104, #308
Gilbert, Arizona 85295-1103
Office:  (480) 756-8822
Fax: (480) 302-4186
floyd@bybeelaw.com

Attorney for Plaintiff

## UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

|  |  |
|---|---|
| **Tyrone A. Timms**, an individual;<br><br>        Plaintiff,<br><br>v.<br><br>**Asset Acceptance LLC**, a Delaware limited liability company;<br><br>        Defendant. | No.<br><br>**COMPLAINT**<br><br><br><br><br><br>(Jury Trial Demanded) |

Plaintiff alleges as follows:

### I.   PRELIMINARY STATEMENT

1.   Plaintiff brings this action for damages based upon Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§1692 *et seq.* (hereinafter "FDCPA").  In the course of attempting to collect a debt allegedly owed by Plaintiff, Defendant engaged in deceptive, unfair and/or abusive debt collection

1    practices in violation of the FDCPA.   Plaintiff seeks

2    to recover his actual damages, and statutory damages, as

3    well as reasonable attorney's fees and costs.

4    **II.   STATUTORY STRUCTURE OF FDCPA.**

5    2.   Congress passed the FDCPA to eliminate abusive debt

6    collection practices by debt collectors, to insure that

7    those debt collectors who refrain from using abusive

8    debt collection practices are not competitively

9    disadvantaged, and to promote consistent state action to

10   protect consumers against debt collection abuses. FDCPA

11   § 1692.

12   3.   The FDCPA is designed to protect consumers who have been

13   victimized by unscrupulous debt collectors regardless of

14   whether a valid debt exists.   Baker v. G.C. Services

15   Corp., 677 F.2d 775, 777 (9th Cir. 1982).

16   4.   The FDCPA defines a "consumer" as any natural person

17   obligated or allegedly obligated to pay any debt.   FDCPA

18   § 1692a(3).

19   5.   The FDCPA defines "debt" as any obligation or alleged

20   obligation of a consumer to pay money arising out of a

21   transaction in which the money, property, insurance, or

22   services which are the subject or the transaction are

23   primarily for personal, family, or household purposes.

24   FDCPA § 1692a(5).

25   6.   The FDCPA defines "debt collector' as  any person who

- 2 -

uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due to another. FDCPA § 1692a(6).

7. Any debt collector who fails to comply with the provisions of the FDCPA is liable for any actual damage sustained; statutory damages up to $1,000; attorney's fees as determined by the Court and costs of the action. FDCPA § 1692k.

### III. JURISDICTION

8. Jurisdiction of this Court, over this action and the parties herein, arises under 15 U.S.C. §1692k(d) (FDCPA), and 28 U.S.C. §1337. Venue lies in the Phoenix Division of the District of Arizona as Plaintiff's claims arose from acts of the Defendant perpetrated therein.

### IV. PARTIES

9. Plaintiff is a resident of Maricopa County, Arizona.

10. Plaintiff is allegedly obligated to pay a consumer debt and is a "consumer" as defined by FDCPA §1692a(3).

11. Defendant Asset Acceptance LLC is an Delaware limited liability company registered with the Arizona Corporation Commission to conduct business within the

1   State of Arizona.

2   12.  Asset Acceptance regularly collects or attempts to

3        collect debts owed or asserted to be owed or due

4        another, or debts which it has purchased after default.

5   13.  Asset Acceptance is a "debt collector" as defined by

6        FDCPA §1692a(6).

7                    **V.   FACTUAL ALLEGATIONS**

8   14.  Prior to 1999, Plaintiff opened a credit card account

9        with First Card which was later purchased by Bank One.

10  15.  Plaintiff used the First Card account to make purchases

11       for personal, household and family purposes

12  16.  The First Card account is a consumer debt as defined by

13       the FDCPA, 15 U.S.C. § 1692a(5).

14  17.  In 1999, due to a divorce, Plaintiff was unable continue

15       to make payments on the First Card account and

16       defaulted.

17  18.  No payments were made by Plaintiff on the First Card

18       account after September 1999.

19  19.  Upon information and belief, Asset Acceptance allegedly

20       acquired the rights to the First Card account sometime

21       in 2004.

22  20.  In or about October 2006 Plaintiff obtained a copies of

23       his credit reports from Experian and Trans Union.

24  21.  Both the Experian and Trans Union reports reflected a

25       current tradeline reported by Asset Acceptance

1    concerning the First Card account.

2    22.  Both reports also indicated that Asset had "re-aged" the

3    First Card account to show the first delinquency to be

4    in 2001, rather than 1999.

5    23.  After obtaining the reports, Plaintiff contacted Asset

6    concerning its reporting of the First Card account to

7    Experian and Trans Union.

8    24.  Plaintiff disputed the debt with Asset, and told Asset

9    that the First Card account was stale because it

10   defaulted in September 1999, and that it should not be

11   reported to the credit bureaus.

12   25.  During the phone call with Asset, Asset's collector told

13   Plaintiff that the debt was not stale because someone

14   had made a $414 payment in November 2004.

15   26.  When Plaintiff disputed making a payment in November

16   2004, a time during which he was deployed by the US Army

17   in Iraq, the collector sarcastically told Plaintiff that

18   perhaps a guardian angle had made the payment for him.

19   27.  When Plaintiff asked Asset's collector to provide him

20   with a description of the payment and a copy of the

21   payment history, he was rudely told that it was none of

22   his business to know the payment history of the account

23   and that Asset did not have to disclose anything to him

24   concerning the account.

25   28.  Asset's collector also told Plaintiff that it had

- 5 -

1  contacted his probation officer, implying that Plaintiff

2  had a criminal history.

3  29.  In fact, Plaintiff is a probation officer, and the

4  person contacted and harassed by Asset was Plaintiff's

5  supervisor at work.

6  30.  After obtaining the credit reports, Plaintiff also

7  contacted Experian and Trans Union and disputed the

8  Asset Acceptance tradeline.

9  31.  Upon information and belief, Experian contacted Asset

10  concerning Plaintiff's dispute.

11  32.  Upon information and belief, Asset verified to Experian

12  that its reporting of the First Card account was

13  accurate.

14  33.  Upon information and belief, Trans Union contacted Asset

15  concerning Plaintiff's dispute.

16  34.  Upon information and belief, Asset verified to Trans

17  Union that its reporting of the First Card account was

18  accurate.

19  35.  When reporting its tradeline to Experian and Trans

20  Union, Asset knew or should have known that the debt was

21  stale, and that the delinquency age of the debt

22  precluded it from being reporting on Plaintiff's credit

23  reports.

24  36.  When Asset reported its tradeline to Experian and Trans

25  Union in November 2006, Asset knew that Plaintiff

1   disputed the debt, yet it failed to convey the fact of

2   the dispute to Experian or Trans Union.

3   37.  On May 2, 2007, Asset Acceptance filed a collection

4        action in the Estrella Mountain Justice Court against

5        Plaintiff concerning the First Card account.

6   38.  At the time Asset filed its action against Plaintiff,

7        the First Card account had been in default for no less

8        that seven years, and was well beyond the statute of

9        limitations under Arizona law.

10  39.  Asset served the Summons and Complaint on Plaintiff.

11  40.  When Plaintiff received the Summons and Complaint he was

12       very upset and angry.

13  41.  Plaintiff was required to hire legal counsel to defend

14       him in the Justice Court action.

15  42.  At no time has Asset sent Plaintiff any verification of

16       the alleged debt.

17  43.  As a result of Defendant's actions, Plaintiff has

18       suffered actual damages as defined under the FDCPA,

19       including, but not limited to, legal expenses incurred

20       in defending the Justice Court action.

21  44.  Plaintiff has also suffered actual damages including

22       anger, loss of sleep, upset stomach, humiliation,

23       embarrassment, and emotional distress.

24  45.  Defendant's actions taken against Plaintiff were

25       intentional, willful, and in gross or reckless disregard

1     of Plaintiff's rights and part of their persistent and

2     routine practice of debt collection.

3  46.  In the alternative, Defendant's actions were negligent.

4 **VI.  CAUSES OF ACTION**

5 **a.  Fair Debt Collection Practices Act**

6  47.  Plaintiff repeats, realleges, and incorporates by

7     reference the foregoing paragraphs.

8  48.  Defendant's violations of the FDCPA include, but are not

9     necessarily limited to, 15 U.S.C. §§ 1692d, 1692e,

10     1692e(2)(A), 1692e(5), 1692e(8), 1692e(10), 1692f,

11     1692f(1), and 1692g.

12  49.  As a direct result and proximate cause of Defendant's

13     actions in violation of the FDCPA, Plaintiff has

14     suffered actual damages for which Defendant is liable.

15 **VII.  DEMAND FOR JURY TRIAL**

16     Plaintiff hereby demands a jury trial on all issues so

17 triable.

18 **VIII.  PRAYER FOR RELIEF**

19     WHEREFORE, Plaintiff requests that judgment be entered

20 against Defendant for:

21     a)  Statutory damages of $1,000 pursuant to §1692k;

22     b)  Actual damages in an amount to be determined by

23        trial;

24     c)  Costs and reasonable attorney's fees pursuant to

25        §1692k; and

- 8 -

d)   Such other relief as may be just and proper.


DATED    August 8, 2007    .

                        **FLOYD W. BYBEE, PLLC**


                         s/ Floyd W. Bybee
                        Floyd W. Bybee, #012651
                        2473 S. Higley Road
                        Suite 104, #308
                        Gilbert, Arizona 85295-1103
                        Office:  (480) 756-8822
                        Fax: (480) 302-4186
                        floyd@bybeelaw.com

                        Attorney for Plaintiff